**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

GENOVA BURNS LLC
Daniel M. Stolz, Esq.
110 Allen Road, Suite 304
Basking Ridge, NJ  07920
Telephone: (973) 467-2700
Fax: (973) 467-8126
Email:  dstolz@genovaburns.com
*Counsel for NatureWorks LLC, Creditor*

In re:

**PLASTIC SUPPLIERS, INC.,**

Debtors.[1]

Chapter 11

Case No. 24-22549

# PRELIMINARY OBJECTION OF NATUREWORKS LLC
## TO PROPOSED BIDDING PROCEDURES

NatureWorks LLC, by and through its counsel, Genova Burns LLC hereby submits the following preliminary objection to the Bidding Procedures Motion and Order submitted by the Debtors in these cases.

As the Court is aware, the Office of the United States Trustee is endeavoring to form a Committee of Unsecured Creditors in these cases.  NatureWorks, an unsecured creditor holding claims in excess of $2,700,000.00 hopes that a Committee is formed and that NatureWorks will serve on that Committee.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, are: Plastic Suppliers, Inc. (9518); Sidaplax, Inc. (4275); and Specialty Films, Inc. (4273). The location of the Debtors' service address for purposes of these chapter 11 cases is: 2400-2450 Marilyn Pk. Ln., Columbus, OH 43219

In response to our correspondence, the Court has extended the time for a Committee to object to the Debtor's Bidding Procedures Motion, but said extension does not apply to NatureWorks.

Based upon the foregoing, out of an abundance of caution, NatureWorks submits the following preliminary objection to the Debtors' Motion. NatureWorks understands that when financially distressed companies enter into Chapter 11, the Court is often faced with a dilemma, having to consider First Day Motions, where active unsecured creditor participation is frequently not present.

In this case, on the promise of a successful sale, the Debtor has already pledged its avoidance claims to its secured creditor, paid pre-petition "critical vendors" and paid pre-petition employees. If the sale will not provide sufficient funds for a meaningful recovery for unsecured creditors, these first day measures may benefit the Debtor, its principals, the secured creditor and a proposed buyer, but may not benefit unsecured creditors of these Estates.

We have reached out to counsel for the Debtor requesting certain information. First, we requested a transcript of the First Day Hearings, and have been told that no transcript was ordered or obtained. Second, we questioned why applications for the retentions of Debtors' counsel and the investment banker had yet not been filed and were advised that they will be filed "next week".

We asked questions with regard to the value of the Debtors' real estate, accounts receivable, equipment, inventory, etc. The response was that the Schedules will be filed "next week". We asked for a copy of the appraisal of the Debtors' real estate, which was not mentioned in the Debtors' Motion, and were provided with an appraisal which shows a fair market value of $6,370,000.00, or roughly half of the amount of the proposed purchase price.

The Debtors counsel suggests that there may be other bidders, which raises the question about why the Court would approve a breakup fee and expense reimbursement to this bidder, amounting to approximately $600,000.00. While NatureWorks believes that an expedited sale process is likely appropriate in this case, we question whether any bid protections are necessary. If the "Stalking Horse" is to be provided any protection, it should be limited to reasonable capped fees and expenses incurred.

It is respectfully submitted, that neither a creditor nor a Creditors' Committee is currently in a position to determine whether approval of the Debtors' bidding procedures as submitted is in the best interest of this bankruptcy estate and its creditors. Hopefully, in the next week, the Debtor will supplement the record and the Debtor will be prepared to present witnesses on January 10, 2025 to demonstrate that the Debtors decision to seek approval of these bidding procedures is an exercise of the Debtors reasonable business judgment.

Respectfully submitted,

**GENOVA BURNS LLC**

By: /s/ Daniel M. Stolz
Daniel M. Stolz
110 Allen Road, Suite 304
Basking Ridge, NJ  07920
*Counsel for NatureWorks, LLC*

Dated:  January 3, 2025

3