UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Stephen M. Packman, Esquire
Douglas G. Leney, Esquire
ARCHER & GREINER, P.C.
1025 Laurel Oak Road
Voorhees, NJ 08043
Telephone: (215) 963-3300
Facsimile: (215) 963-9999
Email: spackman@archerlaw.com
        dleney@archerlaw.com
*Proposed Attorneys for Debtors*

---

In re:

PLASTIC SUPPLIERS, INC.,[1]

                    Debtors.

Chapter 11

Case No. 24-22549 (ABA)
(Jointly Administered)

Judge:  Altenburg

### APPLICATION FOR RETENTION OF ARCHER & GREINER, P.C.
### *NUNC PRO TUNC* TO DECEMBER 22, 2024

1.      The applicants, Plastic Suppliers, Inc., Sidaplax, Inc. and Specialty Films, Inc. (collectively, the "Debtors" or "Applicants"), respectfully request the retention of Archer & Greiner, P.C. ("Archer") to serve as Chapter 11 bankruptcy counsel to the Debtors in these proceedings ("Cases") and in support thereof submit the following application ("Application").

2.      The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b), and pursuant to Rules 2014-1 and 2016-1 of the Local Rules of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, are:  Plastic Suppliers, Inc. (9518); Specialty Films, Inc. (4273); and Sidaplax, Inc. (4275).  The location of the Debtors' service address for purposes of these chapter 11 cases is:  2400-2450 Marilyn Pk. Ln., Columbus, OH 43219 ("Debtors").

229799280 v6

Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules"). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The legal bases for the relief sought herein are set forth in parts of sections 327, 328, 329, 330 and 1107 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2014-1 and 2016-1.

4.      Section 327(a) of the Bankruptcy Code allows a debtor, with the court's approval, to employ professionals "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor-in-possession] in carrying out [its] duties under this title."  Section 101(14) of the Bankruptcy Code defines "disinterested person" as a person that:

  a.      is not a creditor, an equity security holder, or an insider;

  b.      is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and

  c.      does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

5.      Pursuant to section 328 of the Bankruptcy Code, the Debtors seek the Court's approval of the terms of Archer's retention as set forth in the Packman Certification. Section 328(a) of the Bankruptcy Code allows a debtor, with the court's approval, to "employ or authorize the employment of a professional person under section 327 or 1103 . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis."  Moreover, under section 1107(b) of the Bankruptcy Code, a

2

person is not disqualified for employment under section 327 solely because of such person's employment or representation of a debtor before the commencement of the case.

6.      The employment of Archer by the Debtors is necessary because the Debtors require experienced bankruptcy counsel to provide them with legal advice and services in the Cases. The Debtors have selected Archer because the attorneys in the Bankruptcy, Restructuring, and Insolvency Group of the firm are experienced bankruptcy attorneys and are well-suited to guide the Debtors through the Chapter 11 process in these Cases, including but not limited to the expedited sale of the Debtors' assets.

7.      The professional services to be rendered by Archer for the Debtors include, but are not necessarily limited to: (i) assisting the Debtors with preparing their Schedules and Statements of Financial Affairs; (ii) assisting with budgeting and the Debtors' financial and other reporting requirements; (iii) assisting the Debtors with obtaining approvals of interim and final relief; (iv) assisting the Debtors in negotiations with creditors and other parties in interest and appearing for, prosecuting, and representing the Debtors in connection with motions and other proceedings; (vi) consulting with and advising the Debtors with regard to the sale of Debtors' property; (v) formulating a plan of reorganization and/or liquidation; and (vi) providing the Debtors with such other and related bankruptcy legal services as may be required.

8.      Archer has been retained as bankruptcy counsel by the Debtors pursuant to 11 U.S.C. 327 through 330 and 1107, as applicable, and subject to Court approval. Archer has agreed to render legal services and be compensated for such services as set forth in the accompanying "Packman Certification".  In sum, Archer will bill the Debtors hourly for its legal services at Archer's regular hourly rates charged by its bankruptcy and other attorneys and para-professionals in the Cases, consistent with those rates charged by Archer in other, similar cases. Archer received

3

229799280 v6

a pre-petition retainer from the Debtor as set forth in the Packman Certification, which will be held by Archer in trust, pending approval of Archer's fees and expenses by the Court. Archer will submit its request(s) for payment of fees and expenses in the Cases by way of fee application(s) in accordance with the applicable provision of the Bankruptcy Code and Rules.

9.      Archer has represented to the Debtors that the firm's connection with the Debtors, creditors, other parties in interest in the Cases, their respective attorneys and any other disclosed professionals, the United States Trustee, or any person employed in the office of the United States trustee, the Court, Judges or any person employed in or by the Court, is as follows:

(a)      Archer represented the Debtors, pre-petition, which representation and associated compensation received by Archer for its services, has been disclosed by Archer in this proceeding as required under Bankruptcy Rule 2016. Archer has represented to the Debtors that it is not aware of any connection between the firm and any parties, persons or entities in these Cases which would render Archer not a disinterested person. Archer has represented to the Debtors that it does not hold an interest adverse to the interest of the estate with respect to its employment by the Debtors or otherwise in these Cases.

(b)      Archer has worked in various insolvency cases over the years with certain of the professionals in the Cases including with attorneys and professionals at Blank Rome, LLP, Porzio, Bromberg and Newman, P.C., SSG Capital Advisors LLC and McGrail & Bensinger, LLP.

10.      To the best of the Debtors' knowledge, based on representations from Archer, Archer does not hold an adverse interest to the estates;  does not represent an adverse interest to the estates; and is a disinterested person under 11 U.S.C. § 101(14).

11.      The Debtors respectfully requests authorization to employ Archer to render services in accordance with this Application, with compensation to be paid as an administrative expense in such amounts as the Court may determine and allow.

4

229799280 v6

Date: January 8, 2025

**PLASTIC SUPPLIERS, INC.**

*/s/ Michael DuFrayne*
MICHAEL DUFRAYNE, PRESIDENT
AND CHIEF EXECUTIVE OFFICER

229799280 v6