UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

Stephen M. Packman, Esquire
Douglas G. Leney, Esquire
ARCHER & GREINER, P.C.
1025 Laurel Oak Road
Voorhees, NJ 08043
Telephone: (215) 963-3300
Facsimile: (215) 963-9999
Email: spackman@archerlaw.com
         dleney@archerlaw.com

*Proposed Attorneys for Debtors*

Order Filed on January 10, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In re:

PLASTIC SUPPLIERS, INC.,[1]

Debtors.

Chapter 11

Case No. 24-22549 (ABA)
(Jointly Administered)

**Hearing Date: January 10, 2025 @ 10:00 A.M.**

## FINAL ORDER AUTHORIZING THE DEBTOR TO PAY PREPETITION CLAIMS OF CERTAIN CRITICAL VENDORS AND GRANTING RELATED RELIEF

The relief set forth on the following pages, numbered two (2) through five (5) is hereby **ORDERED.**

**DATED: January 10, 2025**

*/s/ Andrew B. Altenburg, Jr.*
Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, are: Plastic Suppliers, Inc. (9518); Specialty Films, Inc. (4273); and Sidaplax, Inc. (4275). The location of the Debtors' service address for purposes of these chapter 11 cases is: 2400-2450 Marilyn Pk. Ln., Columbus, OH 43219.

7947718
229867131 v2

Debtor: Plastic Suppliers, Inc.
Case No.: 24-22549 (ABA) (Jointly Administered)
Caption: *Final Order Authorizing the Debtor to Pay Prepetition Claims of Certain Critical Vendors and Related Relief*

This matter is before the Court upon the above captioned Debtor's *Motion for Entry of Interim and Final Orders Authorizing the Debtor to Pay Prepetition Claims of Certain Critical Vendors and Related Relief* (the "Motion")[2]; pursuant to sections 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code"), seeking entry of interim and final orders, among other things, (i) authorizing, but not directing the Debtor in its discretion to make the Critical Vendor Payments to the Critical Vendors; (ii) authorizing financial institutions to receive, process, honor and pay any and all checks and electronic transfers related thereto; (iii) waiving or deeming satisfied the applicable provisions of Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and (iv) scheduling a final hearing, as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein is in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due, sufficient, and proper notice of the Motion having been provided under the circumstances and it appearing that no other further notice need be provided; and upon the record at the hearing held on the Motion and all proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is necessary to avoid immediate and irreparable harm to the Debtor and its estate, as contemplated by Bankruptcy Rule 6003, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein, and it appearing that no other further notice need be provided; and upon consideration of the Declaration of Michael DuFrayne in Support of

---

[2] Capitalized terms used but not defined in this Order shall have the meanings ascribed to them in the Motion.

| | |
|---|---|
| Debtor: | Plastic Suppliers, Inc. |
| Case No.: | 24-22549 (ABA) (Jointly Administered) |
| Caption: | *Final Order Authorizing the Debtor to Pay Prepetition Claims of Certain Critical Vendors and Related Relief* |

Voluntary Petition and First Day Motions, and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. The Motion is GRANTED as set forth herein on a final basis.

2. The Debtor is authorized, but not directed, in consultation with the Official Committee of Unsecured Creditors (the "Committee"), and in the exercise of its reasonable business judgment, without further order of the Court, to honor, make, pay or otherwise satisfy amounts on account of the Critical Vendor Payments to the Critical Vendors, up to an aggregate cap of $520,849.96, to Critical Vendors who would refuse to provide goods or services without payment of pre-petition amounts owed. Payments made to applicable Critical Vendors shall be applied, in the first instance, against claims held by such Critical Vendors that arise under section 503(b)(9) of the Bankruptcy Code, to the extent that Critical Vendors hold such claims, in whole or in part, as applicable.

3. The Debtor is authorized, but not directed, in consultation with the Committee, to condition the Critical Vendor Payment on the agreement of a Critical Vendor to continue supplying goods and/or services to the Debtor according to Customary Trade Terms or such other trade terms as agreed to by the Debtor and the Critical Vendor as set forth in the Motion.

4. The Debtor's banks and other financial institutions are authorized to receive, process, honor and pay any and all checks presented for payment and electronic transfers with respect to payments authorized by this Motion, whether presented before or after the Petition Date, upon receipt by each bank and financial institution of notice of such authorization, provided that sufficient funds are on deposit in the applicable accounts.

Debtor:     Plastic Suppliers, Inc.
Case No.:   24-22549 (ABA) (Jointly Administered)
Caption:    *Final Order Authorizing the Debtor to Pay Prepetition Claims of Certain Critical Vendors and Related Relief*

5. The Debtors shall track and maintain a summary record of all payments made to, and Critical Vendor Agreements entered with, Critical Vendors, and such records shall be provided to the Committee and the United States Trustee upon written request.

6. If a Critical Vendor accepts a payment of a prepetition claim and thereafter fails or refuses to supply goods and/or services to the Debtor, then the Debtor may, with consultation of the Committee and without further order of the Court, (i) treat any payment received by such Critical Vendor as an unauthorized post-petition transfer under section 549 of the Bankruptcy Code that the Debtor may (a) recover from the Critical Vendor in cash or goods, or (b) at the Debtor's option, apply as a credit against any outstanding post-petition claims held by such Critical Vendor, and (ii) upon recovery of any payment under clause (a) or (b), reinstate the prepetition claim of the Critical Vendor in the amount recovered by the Debtor, less the Debtor's reasonable costs incurred in recovering such amounts. Further, by virtue of having accepted such a payment, such Critical Vendor shall be deemed to have waived any and all defenses it might otherwise have against the Debtor with respect to any action commenced by the Debtor under section 549 of the Bankruptcy Code, thereby restoring the parties to their respective positions immediately before entry of the Order.

7. The Debtor, in consultation with the Committee and the DIP Lender, may supplement the list of Critical Vendors without further order from the Court, provided that the aggregate amount of Critical Vendor Payments shall not exceed the cap set forth in this Final Order without further order of this Court and provided notice is given to the U.S. Trustee.

8. Nothing in this Order authorizes the Debtors to accelerate any payments not otherwise due.

7947718
229867131 v2

Debtor:     Plastic Suppliers, Inc.
Case No.:   24-22549 (ABA) (Jointly Administered)
Caption:    *Final Order Authorizing the Debtor to Pay Prepetition Claims of Certain Critical Vendors and Related Relief*

9. Nothing contained in this Final Order shall be construed as (i) an admission as to the validity of any claim against the Debtor, (ii) a waiver of the Debtor's or any appropriate party-in-interest's rights to dispute any claim, or (iii) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code. Further, any payment made pursuant to this Final Order shall not be construed as an admission to the validity of any claim or a waiver of the Debtor's right to dispute such claim subsequently.

10. The requirements of Bankruptcy Rule 6003(b) and Bankruptcy Rule 6004(a) have been satisfied, and this Final Order shall be effective and enforceable immediately upon entry hereof.

11. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

7947718
229867131 v2