UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Stephen M. Packman, Esquire
Douglas G. Leney, Esquire
ARCHER & GREINER, P.C.
1025 Laurel Oak Road
Voorhees, NJ 08043
Telephone: (215) 963-3300
Facsimile: (215) 963-9999
Email: spackman@archerlaw.com
          dleney@archerlaw.com
*Proposed Attorneys for Debtors*

In re:

PLASTIC SUPPLIERS, INC.,[1]

              Debtors.

**Order Filed on April 22, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

Chapter 11

Case No. 24-22549 (ABA)
(Joint Administration Requested)

Judge:  Altenburg

<u>Hearing Date: March 18, 2025</u>

## ORDER AUTHORIZING RETENTION OF
## REA & ASSOCIATES, INC. *NUNC PRO TUNC* TO FEBRUARY 19, 2025

The relief set forth on the following pages two (2) through eight (8) is hereby **ORDERED**.

**DATED: April 22, 2025**

Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, are:  Plastic Suppliers, Inc. (9518); Specialty Films, Inc. (4273); and Sidaplax, Inc. (4275).  The location of the Debtors' service address for purposes of these chapter 11 cases is:  2400-2450 Marilyn Pk. Ln., Columbus, OH 43219.

230364017 v1

Page:        2
Debtor:      In re Plastic Suppliers, Inc., *et al.*
Case No.:    24-22549 (ABA)
Caption:     ORDER AUTHORIZING RETENTION OF REA & ASSOCIATES, INC. *NUNC PRO TUNC* TO
             FEBRUARY 19, 2025

Upon the Debtors' request for authorization to retain Rea & Associates, Inc. as the auditors of the Plastic Suppliers, Inc. Employee Stock Ownership Plan and the Plastic Suppliers, Inc. Profit Sharing Plan for the above-captioned debtors-in-possession, it is hereby **ORDERED**:

1.      That the Debtors are authorized to retain Rea & Associates ("Rea") as the auditors of the Plastic Suppliers, Inc. Employee Stock Ownership Plan and the Plastic Suppliers, Inc. Profit Sharing Plan in these proceedings, in accordance with the terms of retention as set forth in the Application, the filed certifications of John Kurtin (collectively, the "Kurtin Certification"), and the February 19, 2025 Agreements (the "Agreements") attached to the Application, to the extent set forth below.

2.      Rea shall apply for compensation and professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Rule 2016-1(a), the United States Trustee Guidelines, and such other procedures as may be fixed by order of this Court.

3.      Rea's professionals shall keep reasonably detailed time records in one tenth (1/10) hour increments in accordance with the Bankruptcy Rules, the Local Rules, any applicable U.S. Trustee Guidelines and will submit, with any interim or final fee application, together with the time records, a narrative summary, by project category, detailing the services rendered and will identify each professional rendering services, the category of services rendered, and the total amount of compensation requested by Rea.  Notwithstanding any provisions to the contrary in the Application, Kurtin Certification, or the Agreements, Rea's interim and final applications for

230364017 v1

Page:          3
Debtor:        In re Plastic Suppliers, Inc., *et al.*
Case No.:      24-22549 (ABA)
Caption:       ORDER AUTHORIZING RETENTION OF REA & ASSOCIATES, INC. *NUNC PRO TUNC* TO
               FEBRUARY 19, 2025

compensation and reimbursement of actual expenses shall be subject to review under the reasonableness standard in section 330 of the Bankruptcy Code.

4.      The effective date of retention is February 19, 2025, the date when the professional was retained by the Debtors and retention of the professional shall be effective *nunc pro tunc* to such date.

5.      The indemnification provisions in the Agreements, are approved, subject during the pendency of these chapter 11 cases to the following:

a.      Rea shall not be entitled to indemnification, contribution or reimbursement pursuant to the Agreements, unless the indemnification, contribution or reimbursement is approved by the Court.

b.      Notwithstanding any provision of the Agreements to the contrary, the Debtors shall have no obligation to indemnify Rea, or provide contribution or reimbursement to Rea, for any claim or expense that is either: (i) judicially determined (the determination having become final) to have arisen from Rea's gross negligence, willful misconduct, bad faith or self-dealing; (ii) for a contractual dispute in which the Debtors allege breach of Rea's obligations, unless this Court determines that indemnification, contribution or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing pursuant to subparagraph (c) hereof, to be a claim or expense for which Rea should not receive indemnity, contribution or reimbursement under the terms of the Agreements.

230364017 v1

Page:        4
Debtor:      In re Plastic Suppliers, Inc., *et al.*
Case No.:    24-22549 (ABA)
Caption:     ORDER AUTHORIZING RETENTION OF REA & ASSOCIATES, INC. *NUNC PRO TUNC* TO
             FEBRUARY 19, 2025

c.      If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these chapter 11 cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing these chapter 11 cases, Rea believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Agreement (as modified by this Order), including, without limitation, the advancement of defense costs, Rea must file an application therefor in this Court, and the Debtors may not pay any such amounts to Rea before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Rea for indemnification, contribution and/or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify or make contributions or reimbursements to Rea. All parties in interest, including without limitation the United States Trustee, shall retain the right to object to any demand by Rea for indemnification, contribution and/or reimbursement in accordance with the terms of this Order.

6.      Notwithstanding any provisions to the contrary in the Application, Kurtin Certification, or the Agreements, the indemnification provisions only apply to Rea and do not apply to any and all related parents, subsidiaries, and affiliates of Rea.

7.      Notwithstanding any provisions to the contrary in the Application, Kurtin Certification, or the Agreements, any limitations of liability provisions or limitation on amounts to be contributed provisions in the Application, Kurtin Certification, and the Agreements, including but not limited to the Indemnification, Limitation of Liability, and Claim Resolution provision of

Page:       5
Debtor:     In re Plastic Suppliers, Inc., *et al.*
Case No.:   24-22549 (ABA)
Caption:    ORDER AUTHORIZING RETENTION OF REA & ASSOCIATES, INC. *NUNC PRO TUNC* TO
            FEBRUARY 19, 2025

the Agreements will have no force or effect and shall be eliminated during the pendency of these

chapter 11 cases.

8.       Notwithstanding any provisions to the contrary in the Application, Kurtin

Certification, or the Agreements, in the event Rea seeks to use any subcontractors including but

not limited to subsidiaries or affiliates of Rea to perform services for the Debtors, the Debtors shall

seek the separate retention of any such subcontractors.

9.       Notwithstanding any provisions to the contrary in the Application, Kurtin

Certification, or the Agreements, to the extent Rea seeks to use the services of Third Party

Products, third-party providers and/or independent contractors ("Contractors") in these cases to

perform services for the Debtors, Rea shall (a) pass through the cost of such Contractors at the

same rate that Rea pays the Contractors; (b) seek reimbursement for actual costs only; (c) ensure

that the Contractors are subject to the same conflicts checks as required for Rea; (d) file with this

Court such disclosures required by Bankruptcy Rule 2014; and (v) attach any such Contractor

invoices to its monthly fee statements, interim fee applications and/or final fee applications filed

in these cases.

10.      Notwithstanding any provisions to the contrary in the Application, Kurtin

Certification, or the Agreements, the time limit to file a claim against Rea as set forth in the

Indemnification, Limitation of Liability, and Claim Resolution provision of the Agreements will

have no force or effect during the pendency of these chapter 11 cases. Any additional services to

be provided by Rea which were not provided for in the Agreements shall require further Court

approval.

230364017 v1

Page:          6
Debtor:        In re Plastic Suppliers, Inc., *et al.*
Case No.:      24-22549 (ABA)
Caption:       ORDER AUTHORIZING RETENTION OF REA & ASSOCIATES, INC. *NUNC PRO TUNC* TO
               FEBRUARY 19, 2025

12.     Notwithstanding any provisions to the contrary in the Application, Kurtin Certification, or the Agreements, the 1 and 1/2 percent per month service charge for past due balances in the Agreements shall have no force or effect during the pendency of these chapter 11 cases.

13.     Rea shall not seek reimbursement of any costs, including attorney fees and costs, arising from the defense of any of Rea's fee applications in this case, Rea shall only bill 50% for non-working travel and Rea shall provide all monthly fee statements, interim fee applications, and final fee applications in searchable electronic format ("LEDES" or "Excel") to the U.S. Trustee.

14.     Prior to applying any increases in its hourly rates, Rea shall provide ten (10) business days' notice of any such increases to the Debtors, the Official Committee of Unsecured Creditors, and the U.S. Trustee, and shall file such notice with the Court.  Parties-in-Interest retain all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code.

15.     If Rea seeks reimbursement from the Debtors for attorneys' fees and expenses pursuant to the Application and/or the Agreements, the invoices and supporting time records for the attorneys' fees and expenses shall be billed in one-tenth (1/10) hour increments and included in Rea's own fee applications, both interim and final, and such invoices and time records shall be in compliance with Local Rule 2016-1 and shall be subject to the U.S. Trustee Guidelines and approval of the Bankruptcy Court under the standards of sections 330 and 331 of the Bankruptcy Code without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorney's services satisfy section 330 (a)(3)(C) of the Bankruptcy Code. Notwithstanding the foregoing, Rea shall only be reimbursed

230364017 v1

Page:           7
Debtor:        In re Plastic Suppliers, Inc., *et al.*
Case No.:     24-22549 (ABA)
Caption:      ORDER AUTHORIZING RETENTION OF REA & ASSOCIATES, INC. *NUNC PRO TUNC* TO
                  FEBRUARY 19, 2025

for any legal fees incurred in connection with this chapter 11 cases to the extent permitted under applicable law.  All rights are reserved to permit objection to any request for reimbursement of expenses, including but not limited to any request for the reimbursement of legal fees of Rea's independent counsel.

16.     Rea will provide all monthly fee statements, interim fee applications, and its final fee application in "LEDES" or "Excel" format to the U.S. Trustee.

17.     Notwithstanding any provisions to the contrary in the Application, Kurtin Certification, or the Agreements, Rea shall file a notice with the Court in the event that it has determined to suspend and/or terminate its services for the Debtors under the Agreements ten (10) days prior to the effective date of such suspension or termination.

18.     Notwithstanding any provisions to the contrary in the Application, Kurtin Certification, or the Agreements, Rea shall seek reimbursement from the Debtors' estate for its engagement-related expenses at Rea's actual cost paid.

19.     Rea shall use its best efforts to avoid duplication of services provided by any of the Debtors' other retained professionals.

20.     Notwithstanding any provisions to the contrary in the Application, Kurtin Certification, or the Agreements, during the pendency of these chapter 11 cases, this Court retains exclusive jurisdiction over all matters arising out of and/or pertaining to Rea's engagement until such jurisdiction is relinquished.

21.     During the pendency of these chapter 11 cases, this Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation of this Order.

230364017 v1

Page:          8
Debtor:        In re Plastic Suppliers, Inc., *et al.*
Case No.:      24-22549 (ABA)
Caption:       ORDER AUTHORIZING RETENTION OF REA & ASSOCIATES, INC. *NUNC PRO TUNC* TO
               FEBRUARY 19, 2025

22.    To the extent that this Order is inconsistent with the Application, Kurtin Certification, or the Agreements, the terms of this Order shall govern.

23.    To the extent Rea performs services that are eligible for payment from a plan forfeiture account, the Debtor shall utilize such funds before using estate assets. Nothing herein shall authorize the use of estate funds to pay Rea on its approved fees and expenses until forfeiture funds are used and exhausted to pay such fees and expenses.