UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Stephen M. Packman, Esquire
Douglas G. Leney, Esquire
ARCHER & GREINER, P.C.
1025 Laurel Oak Road
Voorhees, NJ 08043
Telephone: (215) 963-3300
Facsimile: (215) 963-9999
Email: spackman@archerlaw.com
　　　　dleney@archerlaw.com

*Attorneys for Debtors*

In re:

PSI WINDDOWN, INC. *f/k/a* Plastic
Suppliers, Inc., [1]

　　　　　　　　　Debtors.

Order Filed on December 1, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey

Chapter 11

Case No. 24-22549-ABA
(Jointly Administered)

Hearing Date: 11/25/2025 at 10:00 a.m. (ET)

Judge: Andrew B. Altenburg, Jr.

## ORDER RESOLVING DEBTORS' CLAIM
## OBJECTIONS AND GRANTING RELATED RELIEF

　　　The relief set forth on the following pages, numbered two (2) through three (3), are hereby

**ORDERED.**

**DATED: December 1, 2025**

Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, are: PSI Winddown, Inc. f/k/a Plastic Suppliers, Inc. (9518); Sidaplax, Inc. (4275); and Specialty Films, Inc. (4273). The location of the Debtors' service address for purposes of these chapter 11 cases is: 2400-2450 Marilyn Pk. Ln., Columbus, OH 43219.

231370291 v1

(Page 2)

Debtor:            PSI WINDDOWN, INC. F/K/A PLASTIC SUPPLIERS, INC., et al.
Case No:           LEAD CASE NO.: 24-22549-ABA
Caption of Order:  ORDER RESOLVING DEBTORS' CLAIM OBJECTIONS AND GRANTING
                   RELATED RELIEF.

Upon consideration of the *Debtors' Objection to Proofs of Claim Filed by IUE-CWA Pension Fund* [D.I. 296] (the "Pension Fund Objection"); the *Debtors' Objection to Proofs of Claim Filed by Transcendia Inc.* [D.I. 297] (the "Transcendia Objection"); *the Debtors' Objection to Administrative Expense Claim Filed by Futamura USA, Inc.* [D.I. 298] (the "Futamura Objection"); the *Debtors' First Omnibus Objection to: (I) Certain Amended and/or Duplicate Claims; (II) Certain Priority Claims; (III) Certain Satisfied Claims; (IV) Certain No Liability/Partial Liability Claims; (V) Certain Untimely Claims; (VI) Certain Withdrawn Claims; and (VII) for Related Relief* [D.I. 299] (the "Omnibus Objection"[2] and collectively, the "Claim Objections"), filed by the above-captioned debtors (the "Debtors"),  and upon the *Declaration of Michael DuFrayne Regarding Settlement of Certain Claim Objections*,[3] and the Court having jurisdiction over these core proceedings under 28 U.S.C. §§ 157 and 1334; and venue of these matters in the District of New Jersey being proper under 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed the Claim Objections, any responses thereto, and any replies to those responses; and due notice of the Claim Objections, having been provided; and it appearing that no other or further notice of the Claim Objections need be provided; and after due deliberation and sufficient cause appearing therefor

**IT IS HEREBY ORDERED THAT**:

1.      The Settlement Agreements annexed hereto as *Exhibits 1-5* are hereby approved and so Ordered.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Omnibus Objection.

[3] Excluding the NatureWorks Claim Objection that is subject to the *Motion for Entry of an Order Approving the Settlement Agreement by and Between the Debtors, Philip Morris Products SA and NatureWorks LLC* [D.I. 321].

(Page 3)
Debtor:          PSI WINDDOWN, INC. F/K/A PLASTIC SUPPLIERS, INC., et al.
Case No:         LEAD CASE NO.: 24-22549-ABA
Caption of Order:   ORDER RESOLVING DEBTORS' CLAIM OBJECTIONS AND GRANTING
                 RELATED RELIEF.

2.      Each of the Duplicate Claims listed on **Schedule 1** hereto is hereby overruled and disallowed.

3.      Each of the Reclassified Claims listed on **Schedule 2** hereto is hereby reduced or reclassified as provided on **Schedule 2.**

4.      Each of the Satisfied Claims listed on **Schedule 3** hereto is hereby overruled and disallowed.

5.      Each of the No Liability Claims listed on **Schedule 4** hereto is hereby overruled and disallowed.

6.      Each of the Partial Liability Claims listed on **Schedule 4** hereto is hereby reduced or modified as provided on **Schedule 4**.

7.      Each of the Untimely Claims listed on **Schedule 5** hereto is hereby overruled and disallowed.

8.      The Clerk is directed to mark each of the Withdrawn Claims listed on **Schedule 6** hereto as withdrawn on the official claims register.

9.      The Clerk is hereby authorized and directed to make all other such revisions to the official claims register as are necessary to reflect the relief granted in this Order.

10.     The Bankruptcy Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

231370291 v1

## EXHIBIT 1

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Stephen M. Packman, Esquire
Douglas G. Leney, Esquire
ARCHER & GREINER, P.C.
1025 Laurel Oak Road
Voorhees, NJ 08043
Telephone: (215) 963-3300
Facsimile: (215) 963-9999
E-mail:spackman@archerlaw.com
        dleney@archerlaw.com

*Attorneys for the Debtors*

| | |
|---|---|
| In re:<br><br>PSI WINDDOWN, INC. f/k/a Plastic Suppliers, Inc.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-22549 (ABA)<br><br>(Jointly Administered) |

**STIPULATION BY AND BETWEEN THE DEBTORS,
THE LIQUIDATING TRUSTEE AND IUE-CWA PENSION
FUND REGARDING PENSION FUND PROOFS OF CLAIM**

This stipulation of settlement (the "Agreement") is made and entered into as of November 17, 2025, by and between above-captioned post-confirmation Debtors: (i) PSI WINDDOWN, INC *f/k/a* Plastic Suppliers, Inc. ("PSI"); (ii) Sidaplax, Inc. ("Sidaplax"); and (iii) Specialty Films, Inc. ("SFI," and collectively with PSI and Sidaplax, the "Debtors"), RK Consultants, LLC, as Liquidating Trustee of the PSI Liquidation Trust (the "Liquidating Trustee") and IUE-CWA Pension Fund (the "Pension Fund" and collectively, the "Parties"). The Parties hereby stipulate and agree as follows:

---

[1] The Post-Confirmation Debtors in these jointly administered chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, are: PSI WINDDOWN, INC. f/k/a Plastic Suppliers, Inc. (9518); Sidaplax, Inc. (4275); and Specialty Films, Inc. (4273). The location of the Debtors' service address for purposes of these chapter 11 cases is: 295 E. Long Street, #415 Columbus, Ohio 43215.

231330597 v2
10244512.1

## RECITALS

**WHEREAS**, on December 22, 2024 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code") commencing the above-captioned cases in this Court; and

**WHEREAS**, on January 10, 2025, the Court entered a Notice of Chapter 11 Bankruptcy Case [D.I. 76], setting forth March 3, 2025, as the general proof of claim deadline (the "General POC Bar Date"); and

**WHEREAS**, on March 18, 2025, the Court entered an *Order (I) Establishing Administrative Claim Bar Date, and (II) Approving Form and Manner of Notice Thereof* [D.I. 156], establishing, among other relief, April 17, 2025 as the deadline by which all persons or entities must file and serve requests for allowance of chapter 11 administrative expenses (including any claims arising under section 503(b)(9) of the Bankruptcy Code) (the "Administrative Claim Bar Date"); and

**WHEREAS**, on August 21, 2025 (the "Confirmation Date"), the Court entered an Order Approving the Disclosure Statement on a Final Basis and Confirming Debtors' First Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation [D.I. 267] (the "Confirmation Order"), approving the Debtors' Disclosure Statement on a final basis and confirming the Debtors' First Amended Joint Chapter 11 Plan of Liquidation (the "Plan"); and

**WHEREAS**, on March 3, 2025, the Pension Fund filed: (i) Claim No. 65 against Debtor Plastic Suppliers, Inc. (Case No. 24-22549) in the amount of $252,968.32 (the "Plastic Suppliers Claim"); (ii) Claim No. 1 against Debtor Specialty Films, Inc. (Case No. 24-22550) in the amount of $252,968.32 (the "Specialty Films Claim"); and (ii) Claim No. 2 against Debtor Sidaplax, Inc. (Case No. 24-22551) the amount of $252,968.32 (the "Sidaplax Claim" and collectively, the

2

"Pension Fund Claims") on account of withdraw liability pursuant to sections 4201 through 4225 of the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001 et seq. ("ERISA"); and

WHEREAS, on October 24, 2025, the Debtors filed an objection to the Pension Fund Claims [D.I. 296] (the "Objection"); and

WHEREAS, the Debtors, Specialty Films, Inc. and Sidaplax, Inc., did not contribute any assets to the Plan and are being dissolved under the Plan; and

WHEREAS, the Parties have engaged in good-faith, arm's-length negotiations to resolve the Objection, and the Parties desire to memorialize their agreement with respect thereto.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among the Parties, through their undersigned counsel, as follows:

1.      The above recitals are incorporated into this Agreement for all purposes.

2.      The Plastic Suppliers Claim shall be an Allowed General Unsecured Claim, as defined under the Plan, in the amount of $165,000.00 (the "Allowed Pension Fund Claim").

3.      The Specialty Films Claim and the Sidaplax Claim shall be disallowed and expunged.

4.      The Debtors and the Liquidating Trustee waive all rights to further object to the Allowed Pension Fund Claim.

5.      The Pension Fund has no other claims against the Debtors and the Liquidating Trustee and waive all rights to amend the Pension Fund Claims or assert additional claims to the extent not fixed herein pursuant to the Allowed Pension Fund Claim.

6.      The Parties agree that this Agreement is a compromise and settlement and shall not be construed as an admission of liability, wrongdoing, or responsibility on the part of any Party.

7.      This Agreement constitutes the entire agreement between the Parties with respect

to the subject matter hereof, and supersedes any prior discussions, agreements, and understandings, both written and oral, among the Parties with respect thereto.

8.      This Agreement may be executed by the Parties in separate counterparts, each of which shall be deemed an original, but all of which, when taken together, shall constitute one and the same instrument. This Agreement may be executed by exchange of facsimile or electronic signatures (in PDF or comparable format), which shall be deemed original signatures.

9.      The clerk is authorized and directed to update the Claims Register maintained in these chapter 11 cases to reflect the terms of this Agreement.

10.     The terms and conditions of this Agreement shall be immediately effective.

11.     The undersigned hereby represent and warrant that they have full authority to execute this Agreement on behalf of the respective Parties and that the respective Parties have full knowledge of, and have consented to, this Agreement.

12.     The Court shall have exclusive jurisdiction with respect to all disputes or controversies arising from or related to this Agreement.

*[signature page follows]*

4

**STIPULATED AND AGREED:**

**ARCHER & GREINER, P.C.**

*Stephen Packman*

Stephen M. Packman
Douglas G. Leney
1025 Laurel Oak Road
Voorhees, NJ 08043
Telephone: (215) 963-3300
E-mail:spackman@archerlaw.com
         dleney@archerlaw.com

*Counsel to the Post-Confirmation Debtors*

**COHEN, WEISS AND SIMON LLP**

_____  11/19/2025
Matthew Stolz
909 Third Avenue, 12th Floor
New York, NY 10022-4731
Telephone: (212) 356-0213
Email: mstolz@cwsny.com

*Counsel to IUE-CWA Pension Fund*

**PORZIO, BROMBERG & NEWMAN, P.C.**

_____
Brett S. Moore
100 Southgate Parkway
P.O. Box 1997
Morristown, NJ 07962
Telephone: (973) 538-4006
Email: bsmoore@pbnlaw.com

*Counsel to the Liquidating Trustee*

## EXHIBIT 2

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Stephen M. Packman, Esquire
Douglas G. Leney, Esquire
ARCHER & GREINER, P.C.
1025 Laurel Oak Road
Voorhees, NJ 08043
Telephone: (215) 963-3300
Facsimile: (215) 963-9999
E-mail:spackman@archerlaw.com
        dleney@archerlaw.com

*Attorneys for the Debtors*

In re:

PSI WINDDOWN, INC. f/k/a Plastic
Suppliers, Inc.,[1]

                    Debtors.

Chapter 11

Case No. 24-22549 (ABA)

(Jointly Administered)

## STIPULATION BY AND BETWEEN THE DEBTORS,
## THE LIQUIDATING TRUSTEE AND TRANSCENDIA INC.

This stipulation of settlement (the "Agreement") is made and entered into as of November 24, 2025, by and between the above-captioned post-confirmation Debtors: (i) PSI WINDDOWN, INC *f/k/a* Plastic Suppliers, Inc. ("PSI"); (ii) Sidaplax, Inc. ("Sidaplax"); and (iii) Specialty Films, Inc. ("SFI," and collectively with PSI and Sidaplax, the "Debtors"), RK Consultants, LLC, as Liquidating Trustee of the PSI Liquidation Trust (the "Liquidating Trustee") and Transcendia Inc. ("Transcendia" and collectively, the "Parties"). The Parties hereby stipulate and agree as follows:

---

[1] The Post-Confirmation Debtors in these jointly administered chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, are:  PSI WINDDOWN, INC. f/k/a Plastic Suppliers, Inc. (9518); Sidaplax, Inc. (4275); and Specialty Films, Inc. (4273).  The location of the Debtors' service address for purposes of these chapter 11 cases is:  295 E. Long Street, #415 Columbus, Ohio 43215.

231354510 v2

## RECITALS

**WHEREAS**, on December 22, 2024 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") commencing the above-captioned cases in this Court; and

**WHEREAS**, on January 10, 2025, the Court entered a Notice of Chapter 11 Bankruptcy Case [D.I. 76], setting forth March 3, 2025 as the general proof of claim deadline (the "General POC Bar Date"); and

**WHEREAS**, on March 18, 2025, the Court entered an *Order (I) Establishing Administrative Claim Bar Date, and (II) Approving Form and Manner of Notice Thereof* [D.I. 156], establishing, among other relief, April 17, 2025 as the deadline by which all persons or entities must file and serve requests for allowance of chapter 11 administrative expenses (including any claims arising under section 503(b)(9) of the Bankruptcy Code) (the "Administrative Claim Bar Date"); and

**WHEREAS**, on August 21, 2025 (the "Confirmation Date"), the Court entered an Order Approving the Disclosure Statement on a Final Basis and Confirming Debtors' First Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation [D.I. 267] (the "Confirmation Order"), approving the Debtors' Disclosure Statement on a final basis and confirming the Debtors' First Amended Joint Chapter 11 Plan of Liquidation (the "Plan"); and

**WHEREAS**, on February 27, 2025, Transcendia filed a general unsecured proof of claim (Case No. 24-22549; Claim No. 44) in the amount of $577,492.35 against Debtor Plastic Suppliers, Inc. (the "PSI GUC Claim"); and

2

**WHEREAS**, on February 27, 2025, Transcendia filed a general unsecured proof of claim (Case No. 24-22551; Claim No. 1) in the amount of $577,492.35 against Debtor Sidaplax Inc. (the "Sidaplax GUC Claim"); and

**WHEREAS**, on March 4, 2025, Transcendia filed an Administrative Claim (Case No. 24-22549; Claim No. 72) in the amount of $156,234.96 against Debtor Plastic Suppliers, Inc. (the "PSI Admin Claim"); and

**WHEREAS**, on March 4, 2025, Transcendia filed an Administrative Claim (Case No. 24-22551; Claim No. 3) in the amount of $156,234.96 against Debtor Sidaplax Inc. (the "Sidaplax Admin Claim"); and

**WHEREAS**, on March 12, 2025, Transcendia filed an Administrative Claim (Case No. 24-22549; Claim No. 73) in the amount of $156,234.96 against Debtor Plastic Suppliers, Inc. (the "Second PSI Admin Claim" and collectively, the "Transcendia Claims")

**WHEREAS**, on October 24, 2025, the Debtors filed an objection to the Transcendia Claims [D.I. 297] (the "Objection"); and

**WHEREAS**, on November 18, 2025, Transcendia filed a response to the Objection [D.I. 317] (the "Response"); and

**WHEREAS**, the Parties have engaged in good-faith, arm's-length negotiations to resolve the Objection, and the Parties desire to memorialize their agreement with respect thereto.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and among the Parties, through their undersigned counsel, as follows:

1.      The above recitals are incorporated into this Agreement for all purposes.

2.      The PSI GUC Claim shall be an Allowed General Unsecured Claim, as defined under the Plan, in the amount of $534,180.42.

3

3.      The Sidaplax GUC Claim shall be disallowed and expunged in its entirety.

4.      The PSI Admin Claim shall be disallowed and expunged in its entirety.

5.      The Sidaplax Admin Claim shall be disallowed and expunged in its entirety.

6.      The Second PSI Admin Claim shall be disallowed and expunged in its entirety.

7.      The Debtors and the Liquidating Trustee waive all rights to further object to the Transcendia Claims.

8.      Transcendia has no other claims against the Debtors and the Liquidating Trustee and waives all rights to amend the Transcendia Claims or assert additional claims to the extent not fixed herein.

9.      The Parties agree that this Agreement is a compromise and settlement and shall not be construed as an admission of liability, wrongdoing, or responsibility on the part of any Party.

10.      This Agreement constitutes the entire agreement between the Parties with respect to the subject matter hereof, and supersedes any prior discussions, agreements, and understandings, both written and oral, among the Parties with respect thereto.

11.      This Agreement may be executed by the Parties in separate counterparts, each of which shall be deemed an original, but all of which, when taken together, shall constitute one and the same instrument. This Agreement may be executed by exchange of facsimile or electronic signatures (in PDF or comparable format), which shall be deemed original signatures.

12.      The clerk is authorized and directed to update the Claims Register maintained in these chapter 11 cases to reflect the terms of this Agreement.

13.      The terms and conditions of this Agreement shall be immediately effective.

14.      The undersigned hereby represent and warrant that they have full authority to execute this Agreement on behalf of the respective Parties and that the respective Parties have full

4

231354510 v2

knowledge of, and have consented to, this Agreement.

15. The Court shall have exclusive jurisdiction with respect to all disputes or controversies arising from or related to this Agreement.

[*signature page follows*]

231354510 v2

**STIPULATED AND AGREED:**

**ARCHER & GREINER, P.C.**

*/s/ Stephen M. Packman*
Stephen M. Packman
Douglas G. Leney
1025 Laurel Oak Road
Voorhees, NJ 08043
Telephone: (215) 963-3300
E-mail: spackman@archerlaw.com
          dleney@archerlaw.com


*Counsel to the Post-Confirmation Debtors*

**ICE MILLER LLP**

*/s/ Alyson M. Fiedler*
Louis T. DeLucia
Alyson M. Fiedler
1500 Broadway, Suite 2900
New York, NY 10036
Telephone: (212) 835-6315
Email: louis.delucia@icemiller.com
          alyson.fiedler@icemiller.com


*Counsel to Transcendia Inc.*


**PORZIO, BROMBERG & NEWMAN, P.C.**

*/s/ Brett. S. Moore*
Brett S. Moore
100 Southgate Parkway
P.O. Box 1997
Morristown, NJ 07962
Telephone: (973) 538-4006
Email: bsmoore@pbnlaw.com


*Counsel to the Liquidating Trustee*

# EXHIBIT 3

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Stephen M. Packman, Esquire
Douglas G. Leney, Esquire
ARCHER & GREINER, P.C.
1025 Laurel Oak Road
Voorhees, NJ 08043
Telephone: (215) 963-3300
Facsimile: (215) 963-9999
E-mail:spackman@archerlaw.com
           dleney@archerlaw.com

*Attorneys for the Debtors*

| | |
|---|---|
| In re:<br><br>PSI WINDDOWN, INC. f/k/a Plastic Suppliers, Inc.,[1]<br><br>           Debtors. | Chapter 11<br><br>Case No. 24-22549 (ABA)<br><br>(Jointly Administered) |

**STIPULATION BY AND BETWEEN THE DEBTORS, THE LIQUIDATING
TRUSTEE, FUTAMURA USA, INC. AND HAIN CAPITAL INVESTORS
<u>MASTER FUND, LTD. REGARDING CLAIM NOS. 53 & 76</u>**

This stipulation of settlement (the "<u>Agreement</u>") is made and entered into as of November

17, 2025, by and between above-captioned post-confirmation Debtors: (i) PSI WINDDOWN, INC

*f/k/a* Plastic Suppliers, Inc. ("<u>PSI</u>"); (ii) Sidaplax, Inc. ("<u>Sidaplax</u>"); and (iii) Specialty Films, Inc.

("<u>SFI</u>," and collectively with PSI and Sidaplax, the "<u>Debtors</u>"), RK Consultants, LLC, as

Liquidating Trustee of the PSI Liquidation Trust (the "<u>Liquidation Trustee</u>"), Futamura USA, Inc.

---

[1] The Post-Confirmation Debtors in these jointly administered chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, are: PSI WINDDOWN, INC. f/k/a Plastic Suppliers, Inc. (9518); Sidaplax, Inc. (4275); and Specialty Films, Inc. (4273). The location of the Debtors' service address for purposes of these chapter 11 cases is: 295 E. Long Street, #415 Columbus, Ohio 43215.

231330855 v1

("Futamura") and Hain Capital Investors Master Fund, Ltd., as assignee of Futamura USA, Inc.

("Hain" and collectively, the "Parties"). The Parties hereby stipulate and agree as follows:

## RECITALS

**WHEREAS**, on December 22, 2024 (the "Petition Date"), each of the Debtors filed a

voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101

*et seq*. (the "Bankruptcy Code") commencing the above-captioned cases in this Court; and

**WHEREAS**, on January 10, 2025, the Court entered a Notice of Chapter 11 Bankruptcy

Case [D.I. 76], setting forth March 3, 2025 as the general proof of claim deadline (the "General

POC Bar Date"); and

**WHEREAS**, on March 18, 2025, the Court entered an *Order (I) Establishing*

*Administrative Claim Bar Date, and (II) Approving Form and Manner of Notice Thereof* [D.I. 156],

establishing, among other relief, April 17, 2025 as the deadline by which all persons or entities must

file and serve requests for allowance of chapter 11 administrative expenses (including any claims

arising under section 503(b)(9) of the Bankruptcy Code) (the "Administrative Claim Bar Date");

and

**WHEREAS**, on August 21, 2025 (the "Confirmation Date"), the Court entered an Order

Approving the Disclosure Statement on a Final Basis and Confirming Debtors' First Amended

Combined Disclosure Statement and Chapter 11 Plan of Liquidation [D.I. 267] (the "Confirmation

Order"), approving the Debtors' Disclosure Statement on a final basis and confirming the Debtors'

First Amended Joint Chapter 11 Plan of Liquidation (the "Plan"); and

**WHEREAS**, prior to the Petition Date, Futamura sold certain unfinished goods to the

Debtors in the ordinary course of business (the "Futamura Transactions"); and

2

**WHEREAS**, on February 26, 2025, Futamura filed a proof of claim (Case No. 24-22549; Claim No. 53) in the amount of $125,309.83 against Debtor Plastic Suppliers, Inc. on account of the Futamura Transactions, as amended on June 23, 2025 to reflect $25,658.65 as a priority claim and the remainder as a general unsecured claim (the "Futamura Unsecured Claim"); and

**WHEREAS**, on March 31, 2025, Futamura filed an administrative expense claim (Case No. 24-22549; Claim No. 76) against Debtor Plastic Suppliers, Inc. on account of the Futamura Transactions, as amended on June 23, 2025 to reflect $25,658.65 as a post-petition administrative expense claim (the "Futamura Admin Claim" and together with the Futamura Unsecured Claim, the "Futamura Claims"), and

**WHEREAS**, on October 24, 2025, the Debtors filed an objection to the Futamura Claims [D.I. 298] (the "Objection"); and

**WHEREAS**, the Parties have engaged in good-faith, arm's-length negotiations to resolve the Objection, and the Parties desire to memorialize their agreement with respect thereto.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and among the Parties, through their undersigned counsel, as follows:

1.      The above recitals are incorporated into this Agreement for all purposes.

2.      The Futamura Unsecured Claim shall be an Allowed General Unsecured Claim, as defined under the Plan, in the amount of $106,559.65. Hain, as holder thereof, shall be entitled to receive distributions thereon at the same time and in the same manner as other holders of general unsecured claims under the Plan.

3.      The Futamura Admin Claim shall be an Allowed Administrative Claim, as defined under the Plan, in the amount in the amount of $18,750.18. Hain, as holder thereof, shall be entitled to receive distributions thereon at the same time and in the same manner as other holders of

3

administrative priority claims under the Plan.

4.      Pursuant to the terms of the Plan and the Liquidation Trust, the Debtors and the Liquidating Trustee have the authority to settle the Futamura Claims without further Court approval and this Agreement shall constitute an amendment and allowance of the Futamura Claims as set forth herein, and neither Futamura nor Hain shall be required to take any further action in order to effect such amendment and allowance. The Debtors and the Liquidation Trustee waive all rights to further object to the Futamura Claims.

5.      As to the Futamura Claims, Futamura and Hain waive all rights to amend the Futamura Claims or assert additional claims to the extent not fixed herein. Notwithstanding the foregoing, (i) Futamura shall retain the right to assert any claim in these bankruptcy cases arising under section 502(h) of the Bankruptcy Code, and (ii) Hain shall have the right to assert other claims in the cases unrelated to Futamura, including claims unrelated the Futamura Transactions.

6.      The Parties agree that this Agreement is a compromise and settlement and shall not be construed as an admission of liability, wrongdoing, or responsibility on the part of any Party.

7.      This Agreement constitutes the entire agreement between the Parties with respect to the subject matter hereof, and supersedes any prior discussions, agreements, and understandings, both written and oral, among the Parties with respect thereto.

8.      This Agreement may be executed by the Parties in separate counterparts, each of which shall be deemed an original, but all of which, when taken together, shall constitute one and the same instrument. This Agreement may be executed by exchange of facsimile or electronic signatures (in PDF or comparable format), which shall be deemed original signatures.

9.      The clerk is authorized and directed to update the Claims Register maintained in these chapter 11 cases to reflect the terms of this Agreement.

231330855 v1

10.    The terms and conditions of this Agreement shall be immediately effective.

11.    The undersigned hereby represent and warrant that they have full authority to execute this Agreement on behalf of the respective Parties and that the respective Parties have full knowledge of, and have consented to, this Agreement.

12.    The Court shall have exclusive jurisdiction with respect to all disputes or controversies arising from or related to this Agreement.

[*signature page follows*]

**STIPULATED AND AGREED:**

**ARCHER & GREINER, P.C.**

DocuSigned by:

*Stephen Packman*

—DAF0E7D3DD0F45C—

Stephen M. Packman
Douglas G. Leney
1025 Laurel Oak Road
Voorhees, NJ 08043
Telephone: (215) 963-3300
E-mail:spackman@archerlaw.com
        dleney@archerlaw.com

*Counsel to the Post-Confirmation Debtors*

**SMITH, GAMBRELL & RUSSELL, LLP**

*Elizabeth L. Janczak*

Elizabeth L. Janczak
155 N. Wacker Dr., Ste 3000
Chicago, IL 60606
Telephone: (312) 360-6722
Email: ejanczak@sgrlaw.com

*Counsel to Futamura USA, Inc.*

**PORZIO, BROMBERG & NEWMAN, P.C.**

*Brett S. Moore*

Brett S. Moore
100 Southgate Parkway
P.O. Box 1997
Morristown, NJ 07962
Telephone: (973) 538-4006
Email: bsmoore@pbnlaw.com

*Counsel to the Liquidating Trustee*

**HAIN CAPITAL INVESTORS MASTER FUND, LTD., by Koltai & Company Advisors, LLC Its Managing Member**

*Robert J Koltai*

301 Route 17 North, Suite 816A
Rutherford, NJ 07070

231330855 v1

## **EXHIBIT 4**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Stephen M. Packman, Esquire
Douglas G. Leney, Esquire
ARCHER & GREINER, P.C.
1025 Laurel Oak Road
Voorhees, NJ 08043
Telephone: (215) 963-3300
Facsimile: (215) 963-9999
E-mail:spackman@archerlaw.com
        dleney@archerlaw.com

*Attorneys for the Debtors*

| | |
|---|---|
| In re:<br><br>PSI WINDDOWN, INC. f/k/a Plastic Suppliers, Inc.,[1]<br><br><div align=center>Debtors.</div> | Chapter 11<br><br>Case No. 24-22549 (ABA)<br><br>(Jointly Administered) |

## STIPULATION BY AND BETWEEN THE DEBTORS, THE LIQUIDATING TRUSTEE, AND AMERICAS STYRENICS LLC REGARDING CLAIM NO. 81

This stipulation of settlement (the "Agreement") is made and entered into as of November 24, 2025, by and between above-captioned post-confirmation Debtors: (i) PSI WINDDOWN, INC *f/k/a* Plastic Suppliers, Inc. ("PSI"); (ii) Sidaplax, Inc. ("Sidaplax"); and (iii) Specialty Films, Inc. ("SFI," and collectively with PSI and Sidaplax, the "Debtors"), RK Consultants, LLC, as Liquidating Trustee of the PSI Liquidation Trust (the "Liquidating Trustee"), Americas Styrenics LLC ("Americas Styrenics" and collectively, the "Parties"). The Parties hereby stipulate and agree as follows:

---

[1] The Post-Confirmation Debtors in these jointly administered chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, are:  PSI WINDDOWN, INC. f/k/a Plastic Suppliers, Inc. (9518); Sidaplax, Inc. (4275); and Specialty Films, Inc. (4273).  The location of the Debtors' service address for purposes of these chapter 11 cases is:  295 E. Long Street, #415 Columbus, Ohio 43215.

231362336 v2

## RECITALS

**WHEREAS**, on December 22, 2024 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code") commencing the above-captioned cases in this Court; and

**WHEREAS**, on January 10, 2025, the Court entered a Notice of Chapter 11 Bankruptcy Case [D.I. 76], setting forth March 3, 2025 as the general proof of claim deadline (the "General POC Bar Date"); and

**WHEREAS**, on March 18, 2025, the Court entered an *Order (I) Establishing Administrative Claim Bar Date, and (II) Approving Form and Manner of Notice Thereof* [D.I. 156], establishing, among other relief, April 17, 2025 as the deadline by which all persons or entities must file and serve requests for allowance of chapter 11 administrative expenses (including any claims arising under section 503(b)(9) of the Bankruptcy Code) (the "Administrative Claim Bar Date"); and

**WHEREAS**, on August 21, 2025 (the "Confirmation Date"), the Court entered an Order Approving the Disclosure Statement on a Final Basis and Confirming Debtors' First Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation [D.I. 267] (the "Confirmation Order"), approving the Debtors' Disclosure Statement on a final basis and confirming the Debtors' First Amended Joint Chapter 11 Plan of Liquidation (the "Plan"); and

**WHEREAS**, on April 15, 2025, Americas Styrenics filed an administrative proof of claim (Case No. 24-22549; Claim No. 81) in the amount of $3,239.61 against Debtor Plastic Suppliers, Inc. (the "Americas Styrenics Admin Claim"); and

**WHEREAS**, on October 24, 2025, the Debtors filed an objection to the Americas Styrenics Admin Claim [D.I. 298] (the "Objection"); and

2

231362336 v2

**WHEREAS**, the Parties have engaged in good-faith, arm's-length negotiations to resolve the Objection, and the Parties desire to memorialize their agreement with respect thereto.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and among the Parties, through their undersigned counsel, as follows:

1.      The above recitals are incorporated into this Agreement for all purposes.

2.      The Americas Styrenics Admin Claim shall be disallowed and expunged in its entirety.

3.      The Parties agree that this Agreement is a compromise and settlement and shall not be construed as an admission of liability, wrongdoing, or responsibility on the part of any Party.

4.      This Agreement constitutes the entire agreement between the Parties with respect to the subject matter hereof, and supersedes any prior discussions, agreements, and understandings, both written and oral, among the Parties with respect thereto.

5.      This Agreement may be executed by the Parties in separate counterparts, each of which shall be deemed an original, but all of which, when taken together, shall constitute one and the same instrument. This Agreement may be executed by exchange of facsimile or electronic signatures (in PDF or comparable format), which shall be deemed original signatures.

6.      The clerk is authorized and directed to update the Claims Register maintained in these chapter 11 cases to reflect the terms of this Agreement.

7.      The terms and conditions of this Agreement shall be immediately effective.

8.      The undersigned hereby represent and warrant that they have full authority to execute this Agreement on behalf of the respective Parties and that the respective Parties have full knowledge of, and have consented to, this Agreement.

9.      The Court shall have exclusive jurisdiction with respect to all disputes or

3

231362336 v2

controversies arising from or related to this Agreement.

[*signature page follows*]

**STIPULATED AND AGREED:**

**ARCHER & GREINER, P.C.**

*/s/ Stephen M. Packman*
Stephen M. Packman
Douglas G. Leney
1025 Laurel Oak Road
Voorhees, NJ 08043
Telephone: (215) 963-3300
E-mail:spackman@archerlaw.com
        dleney@archerlaw.com

*Counsel to the Post-Confirmation Debtors*

**PORZIO, BROMBERG & NEWMAN, P.C.**

*/s/ Brett S. Moore*                        .
Brett S. Moore
100 Southgate Parkway
P.O. Box 1997
Morristown, NJ 07962
Telephone: (973) 538-4006
Email: bsmoore@pbnlaw.com

*Counsel to the Liquidating Trustee*

**BRUCE DUKE, ESQ.**

*/s/ Rachel T. Kubanda*
Bruce Duke
141 – I Rte. 130 S., #380
Cinnaminson, New Jersey 08077
Telephone: (732) 200-90841

and

**KEAN MILLER LLP**
Lloyd A. Lim
Rachel T. Kubanda
711 Louisiana Street, Suite 1800 South Tower
Houston, Texas 77002
Telephone: (713) 844-3000

*Counsel to Americas Styrenics LLC*

231362336 v2

## **EXHIBIT 5**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Stephen M. Packman, Esquire
Douglas G. Leney, Esquire
ARCHER & GREINER, P.C.
1025 Laurel Oak Road
Voorhees, NJ 08043
Telephone: (215) 963-3300
Facsimile: (215) 963-9999
E-mail:spackman@archerlaw.com
      dleney@archerlaw.com

*Attorneys for the Debtors*

| | |
|---|---|
| In re:<br><br>PSI WINDDOWN, INC. f/k/a Plastic Suppliers, Inc.,[1]<br><br>                  Debtors. | Chapter 11<br><br>Case No. 24-22549 (ABA)<br><br>(Jointly Administered) |

### STIPULATION BY AND BETWEEN THE DEBTORS, THE LIQUIDATING TRUSTEE AND OHIO POWER COMPANY REGARDING CLAIM NO. 2

This stipulation of settlement (the "Agreement") is made and entered into as of November 24, 2025, by and between above-captioned post-confirmation Debtors: (i) PSI WINDDOWN, INC *f/k/a* Plastic Suppliers, Inc. ("PSI"); (ii) Sidaplax, Inc. ("Sidaplax"); and (iii) Specialty Films, Inc. ("SFI," and collectively with PSI and Sidaplax, the "Debtors"), RK Consultants, LLC, as Liquidating Trustee of the PSI Liquidation Trust (the "Liquidating Trustee"), Ohio Power Company *d/b/a* AEP Ohio ("AEP" and collectively, the "Parties"). The Parties hereby stipulate and agree as follows:

---

[1] The Post-Confirmation Debtors in these jointly administered chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, are:  PSI WINDDOWN, INC. f/k/a Plastic Suppliers, Inc. (9518); Sidaplax, Inc. (4275); and Specialty Films, Inc. (4273).  The location of the Debtors' service address for purposes of these chapter 11 cases is:  295 E. Long Street, #415 Columbus, Ohio 43215.

## RECITALS

**WHEREAS**, on December 22, 2024 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") commencing the above-captioned cases in this Court; and

**WHEREAS**, on January 10, 2025, the Court entered a Notice of Chapter 11 Bankruptcy Case [D.I. 76], setting forth March 3, 2025 as the general proof of claim deadline (the "General POC Bar Date"); and

**WHEREAS**, on March 18, 2025, the Court entered an *Order (I) Establishing Administrative Claim Bar Date, and (II) Approving Form and Manner of Notice Thereof* [D.I. 156], establishing, among other relief, April 17, 2025 as the deadline by which all persons or entities must file and serve requests for allowance of chapter 11 administrative expenses (including any claims arising under section 503(b)(9) of the Bankruptcy Code) (the "Administrative Claim Bar Date"); and

**WHEREAS**, on August 21, 2025 (the "Confirmation Date"), the Court entered an Order Approving the Disclosure Statement on a Final Basis and Confirming Debtors' First Amended Combined Disclosure Statement and Chapter 11 Plan of Liquidation [D.I. 267] (the "Confirmation Order"), approving the Debtors' Disclosure Statement on a final basis and confirming the Debtors' First Amended Joint Chapter 11 Plan of Liquidation (the "Plan"); and

**WHEREAS**, prior to the Petition Date, AEP began providing the Debtors with certain electrical power and/or related services in the ordinary course of business (the "Pre-Petition AEP Services"); and

**WHEREAS**, since the Petition Date, AEP continued to provide certain electrical power and/or related services to the Debtors ("Post-Petition AEP Services"); and

231344038 v2

**WHEREAS**, pursuant to the *Final Order (I) Prohibiting Utility Companies From Altering, Refusing or Discontinuing Service to the Debtor, (II) Deeming Utility Companies Adequately Assured of Future Payment, (III) Establishing Procedures for Determining Requests for Additional Adequate Assurance, and (IV) Related Relief* [D.I. 78], the Debtors made certain adequate assurance payments to AEP on account of Post-Petition AEP Services; and

**WHEREAS**, on January 13, 2025, AEP filed a proof of claim (Case No. 24-22549; Claim No. 2) in the amount of $70,875.92 against Debtor Plastic Suppliers, Inc. on account of the Pre-Petition AEP Services (the "AEP Claim"); and

**WHEREAS**, on October 24, 2025, the Debtors filed an objection to the AEP Claim [D.I. 299] (the "Objection"); and

**WHEREAS**, the Parties have engaged in good-faith, arm's-length negotiations to resolve the Objection, and the Parties desire to memorialize their agreement with respect thereto.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and among the Parties, through their undersigned counsel, as follows:

1.      The above recitals are incorporated into this Agreement for all purposes.

2.      The AEP Claim shall be an Allowed General Unsecured Claim, as defined under the Plan, in the amount of $70,875.92.

3.      AEP shall have an administrative claim on account of Post-Petition AEP Services rendered in the amount of $13,s183.90.

4.      Within five (5) days of the date hereof, the Debtors shall pay AEP $13,183.90 in satisfaction of such claim.

5.      The Debtors and the Liquidating Trustee waive all rights to further object to the AEP Claim.

3

231344038 v2

6.      AEP waives all rights to amend the AEP Claim or assert additional claims to the extent not fixed herein.

7.      The Parties agree that this Agreement is a compromise and settlement and shall not be construed as an admission of liability, wrongdoing, or responsibility on the part of any Party.

8.      This Agreement constitutes the entire agreement between the Parties with respect to the subject matter hereof, and supersedes any prior discussions, agreements, and understandings, both written and oral, among the Parties with respect thereto.

9.      This Agreement may be executed by the Parties in separate counterparts, each of which shall be deemed an original, but all of which, when taken together, shall constitute one and the same instrument. This Agreement may be executed by exchange of facsimile or electronic signatures (in PDF or comparable format), which shall be deemed original signatures.

10.     The clerk is authorized and directed to update the Claims Register maintained in these chapter 11 cases to reflect the terms of this Agreement.

11.     The terms and conditions of this Agreement shall be immediately effective.

12.     The undersigned hereby represent and warrant that they have full authority to execute this Agreement on behalf of the respective Parties and that the respective Parties have full knowledge of, and have consented to, this Agreement.

13.     The Court shall have exclusive jurisdiction with respect to all disputes or controversies arising from or related to this Agreement.

*[signature page follows]*

4

231344038 v2

**STIPULATED AND AGREED:**

**ARCHER & GREINER, P.C.**

/s/ Douglas G. Leney_____
Stephen M. Packman
Douglas G. Leney
1025 Laurel Oak Road
Voorhees, NJ 08043
Telephone: (215) 963-3300
E-mail:spackman@archerlaw.com
         dleney@archerlaw.com

*Counsel to the Post-Confirmation Debtors*

**THE LAW FIRM OF RUSSELL R.
JOHNSON III, PLC**

/s/ Russell R. Johnson_____
Russell R. Johnson
2258 Wheatlands Drive
Manakin-Sabot, VA 23103
Phone: (804) 749-8861

*Counsel to Ohio Power Company*

**PORZIO, BROMBERG & NEWMAN, P.C.**

/s/ Brett S. Moore_____
Brett S. Moore
100 Southgate Parkway
P.O. Box 1997
Morristown, NJ 07962
Telephone: (973) 538-4006
Email: bsmoore@pbnlaw.com

*Counsel to the Liquidating Trustee*

231344038 v2

*PSI Winddown, Inc. f/k/a Plastic Suppliers, Inc., et al.*
Chapter 11 Case No. 24-22549-ABA (Jointly Administered)

## First Omnibus Objection to Claims

## <u>Schedule 1– Duplicate Claims</u>

| Claimant | Surviving Claim No. Case No. | Duplicate Claim to be Disallowed | Claim Amount | Reason for Disallowance |
|---|---|---|---|---|
| Danimer Bioplastics Inc. c/o Argo Partners 12 West 37th Street, Ste 900 New York, NY 10018 | Claim No. 67 Case No. 24-22549 | Claim No. 56 Case No. 24-22549 | $248,376.00 | Claim 56 is duplicative of Claim No. 67 and should be disallowed. |

*PSI Winddown, Inc. f/k/a Plastic Suppliers, Inc., et al.*
Chapter 11 Case No. 24-22549-ABA (Jointly Administered)

### First Omnibus Objection to Claims

### Schedule 2 – Priority Claims

| Claimant | Claim | Filed Claim | Reason to Reclassify | Reclassified Claim |
|---|---|---|---|---|
| Biome Bioplastics Inc. 200 Continental Drive Suite 401 Newark, DE 19713-4337 | Claim No. 21 Case No. 24-22549 | Total Claim: $98,662.17 Priority Claimed: $30,887.82 | $30,887.82 of claim is subject to section 503(b)(9) classification and will be paid in accordance with the plan. | Total Claim: $67,774.35  General Unsecured |
| Hain Capital Investors Master Fund, as assignee of The Nelson Company 301 Route 17 North Suite 816A Rutherford, NJ 07070 | Claim No. 27 Case No. 24-22549 | Total Claim: $32,790.60 | $4,136.55 of claim is subject to section 503(b)(9) classification and will be paid in accordance with the plan. | Total Claim: $28,654.05  General Unsecured |
| RWDC Industries LLC 110 Voyles Rd Athens, GA 30601 | Claim No. 63 Case No. 24-22549 | Total Claim: $47,180.44 | $15,000.00 of claim is subject to section 503(b)(9) classification and will be paid in accordance with the plan. | Total Claim: $32,180.44  General Unsecured |
| Eric Michael Piening 7298 Coventry Woods Dr Dublin, OH 43017-2132 | Claim No. 29 Case No. 24-22549 | Total Claim: $25,587.49 Priority Claimed: $13,237.49 | Not entitled to priority under 11 U.S.C. § 507(a)(4). | Total Claim: $ 25,587.49  General Unsecured |
| Michelle Batt 3156 Hoover Road Grove City, OH 43123 | Claim No. 42 Case No. 24-22549 | Total Claim: $28,846.15 Priority Claimed: $26,442.31 | Not entitled to priority under 11 U.S.C. § 507(a)(4). | Total Claim: $ 28,846.15  General Unsecured |
| Joseph B. McDaniel 511 North Stygler RD Gahanna, OH 43230 | Claim No. 61 Case No. 24-22549 | Total Claim: $116,000.00 Priority Claimed: $13,093.84 | Not entitled to priority under 11 U.S.C. § 507(a)(4). | Total Claim: $116,000.00  General Unsecured |
| Jered R. Lawhorn 1301 Gumwood Dr. Columbus, OH 43229 | Claim No. 59 Case No. 24-22549 | Total Claim: $20,000.00 Priority Claimed: $13,758.85 | Not entitled to priority under 11 U.S.C. § 507(a)(4). | Total Claim: $ 20,000.00  General Unsecured |
| David M. Compton 1234 Forsyth Lane Galena, OH 43201 | Claim No. 57 Case No. 24-22549 | Total Claim: $105,000.00 Priority Claimed: $11,486.47 | Not entitled to priority under 11 U.S.C. § 507(a)(4). | Total  Claim: $ 105,000.00  General Unsecured |
| Johnnie Brown 1935 Chippewa Dr Circleville, OH 43113 | Claim No. 62 Case No. 24-22549 | Total Claim: $75,000.00 Priority Claimed: $12,541.55 | Not entitled to priority under 11 U.S.C. § 507(a)(4). | Total Claim: $ 75,000.00  General Unsecured |
| Harvi Basko 3876 Tweedsmuir Dr Columbus, OH 43221 | Claim No. 54 Case No. 24-22549 | Total Claim: $237,097.22 Priority Claimed: $15,150.00 | Not entitled to priority under 11 U.S.C. § 507(a)(4). | Total  Claim: $ 237,097.22  General Unsecured |

| Claimant | Claim | Filed Claim | Reason to Reclassify | Reclassified Claim |
|----------|-------|-------------|----------------------|--------------------|
| Kelly Lee Williams<br>9633 Russline Drive<br>Loveland, OH, 45140 | Claim No. 34<br>Case No. 24-22549 | Total Claim:<br>$96,511.11<br>Priority Claimed:<br>$11,661.11 | Not entitled to priority under 11 U.S.C. § 507(a)(4). | Total  Claim:<br>$ 96,511.11<br><br>General Unsecured |
| Timothy Harper<br>3269 Plum Creek DR<br>Columbus, OH 43219 | Claim No. 31<br>Case No. 24-22549 | Total Claim:<br>$103,500.00<br>Priority Claimed:<br>$11,544.85 | Not entitled to priority under 11 U.S.C. § 507(a)(4). | Total Claim:<br>$103,500.00<br><br>General Unsecured |

*PSI Winddown, Inc. f/k/a Plastic Suppliers, Inc., et al.*
Chapter 11 Case No. 24-22549-ABA (Jointly Administered)

**First Omnibus Objection to Claims**

**<u>Schedule 3 – Satisfied Claims</u>**

| Claimant | Claim | Claim Amount | Reason for Disallowance |
|---|---|---|---|
| Great America Financial Services Corporation<br>ATTN: Peggy Upton<br>625 First St. SE<br>Cedar Rapids, IA 52401 | Claim No. 22<br>Case No. 24-22549 | $38,840.44 | Contract assumed. Claim paid in full. |
| Constellation New Energy, Inc.<br>1310 Point Street<br>Baltimore, MD 21231 | Claim No. 51<br>Case No. 24-22549 | $90,835.58 | Contract assumed. Claim paid in full. |
| Principal Life Insurance Company d/b/a Principal Financial Group<br>P.O. BOX 777<br>Des Moines, IA 50303 | Claim No. 25<br>Case No. 24-22549 | $5,602.43 | Claim paid in full. |

*PSI Winddown, Inc. f/k/a Plastic Suppliers, Inc., et al.*
Chapter 11 Case No. 24-22549-ABA (Jointly Administered)

## First Omnibus Objection to Claims

### Schedule 4 – No Liability/Partial Liability Claims

| Claimant | Claim | Filed Claim | Objection | Modified Claim |
|---|---|---|---|---|
| Kelly Lee Williams 9633 Russline Drive Loveland, OH, 45140 | Claim No. 35 Case No. 24-22549 | $37,789.58 | No Liability Claim. This claim is on account of the Debtors' stock grant program and, and as such is based solely on alleged ownership of equity interests in the Debtors. The claim should be disallowed or reclassified as a proof of interest not entitled to a distribution pursuant to the Plan. | Total Claim: $0.00 |
| City of Columbus DPU 111 N Front St, 1st Fl. Columbus, OH 43215 | Claim No. 24 Case No. 24-22549 | $6,688.09 | Partial Liability Claim. According to the Debtors' books and records, claimant was owed $5,001.32 as of the Petition Date. | Total Claim: $5,001.32 General Unsecured |
| Crane 1 Services, Inc. 9075 Centre Pointe Dr Westchester, OH 45069 | Claim No. 15 Case No. 24-22549 | $2,543.98 | Partial Liability Claim. According to the Debtors' books and records, claimant was owed $2,143.98 as of the Petition Date. | Total Claim: $2,143.98 General Unsecured |
| Theodore E. Riegert | Claim No. 10 Case No. 24-22549 | $672,969.66 (as amended) | Partial Liability Claim. According to the Debtors' books and records, claimant was owed $649,467.97 as of the Petition Date. The Debtors dispute the assumed rate and principal balance used to calculate the claim as filed. | Total Claim $649,467.97 General Unsecured |
| James Allen 132 Wake Valley Court Conroe, TX 77304 | Claim No. 11 Case No. 24-22549 | $140,428.69 (as amended) | Partial Liability Claim. According to the Debtors' books and records, claimant was owed $138,459.81 as of the Petition Date. The | Total Claim $138,459.81 General Unsecured |

| Claimant | Claim | Filed Claim | Objection | Modified Claim |
|---|---|---|---|---|
|  |  |  | Debtors dispute the rate and balance used to calculate the claim as filed. |  |

*PSI Winddown, Inc. f/k/a Plastic Suppliers, Inc., et al.*
Chapter 11 Case No. 24-22549-ABA (Jointly Administered)

## First Omnibus Objection to Claims

### Schedule 5 – Untimely Claims

| Claimant | Claim | Date Filed | Claim Amount | Reason for Disallowance |
|---|---|---|---|---|
| Cintas Corporation<br>PO Box 630803<br>Cincinnati, OH 45263 | Claim No. 71<br>Case No. 24-22549 | 3/4/25 | $2,803.60 | This Claim was filed after the General POC Bar Date and should be disallowed in its entirety. |
| Kanawha Scales & Systems, LLC<br>Attn: Heidi Keeton<br>PO Box 569<br>Poca, WV 25159 | Claim No. 74<br>Case No. 24-22549 | 3/27/25 | $9,334.82 | This Claim was filed after the General POC Bar Date and should be disallowed in its entirety. |
| John G Hess<br>1287 Cloudstone Ct<br>Grove City, OH 43123 | Claim No. 75<br>Case No. 24-22549 | 3/31/25 | $61,243.38 | This Claim was filed after the General POC Bar Date and should be disallowed in its entirety. |
| Motion Industries<br>1605 Alton Rd<br>Birmingham, AL 35210 | Claim No. 77<br>Case No. 24-22549 | 4/3/25 | $14,234.21 | This Claim was filed after the General POC Bar Date and should be disallowed in its entirety. |
| Mark R. Tuszka<br>PO Box 45<br>Warner, SD 57479-0045 | Claim No. 78<br>Case No. 24-22549 | 4/7/25 | $14,900.02 | This Claim was filed after the General POC Bar Date and should be disallowed in its entirety. |
| Terri Defide<br>4825 Bell Classic DR<br>Grove City, OH 43123-1376 | Claim No. 79<br>Case No. 24-22549 | 4/8/25 | $7,813.02 | This Claim was filed after the General POC Bar Date and should be disallowed in its entirety. |
| BConnected, LLC<br>c/o Brad Cebulski<br>PO Box 1112<br>Appleton, WI 54912 | Claim No. 80<br>Case No. 24-22549 | 4/15/25 | $13,495.00 | This Claim was filed after the General POC Bar Date and should be disallowed in its entirety. |
| Leticia Sisterman<br>600 5th Ave. N<br>Safety HarboR, FL 34695 | Claim No. 82<br>Case No. 24-22549 | 4/17/25 | $13,000.00 | This Claim was filed after the General POC Bar Date and should be disallowed in its entirety. |
| Paul R. Lanman<br>6491 Blacksnake NE Rd<br>Utica, OH 43080 | Claim No. 83<br>Case No. 24-22549 | 4/21/25 | $25,961.59 | This Claim was filed after the General POC Bar Date and should be disallowed in its entirety. |
| Polsinelli PC<br>1000 2nd Avenue, Suite 3500<br>Attn: Accounting Dept.<br>Seattle, WA 98104 | Claim No. 85<br>Case No. 24-22549 | 5/4/25 | $ 47,907.50 | This Claim was filed after the General POC Bar Date and should be disallowed in its entirety. |

| Claimant | Claim | Date Filed | Claim Amount | Reason for Disallowance |
|---|---|---|---|---|
| Cision US Inc.<br>300 S Riverside Plaza<br>Chicago, IL 60606 | Claim No. 89<br>Case No. 24-22549 | 8/28/25 | $3,628.50 | This Claim was filed after the General POC Bar Date and should be disallowed in its entirety. |

*PSI Winddown, Inc. f/k/a Plastic Suppliers, Inc., et al.*
Chapter 11 Case No. 24-22549-ABA (Jointly Administered)

## First Omnibus Objection to Claims

## Schedule 6 – Withdrawn Claims

| Claimant | Claim | Withdrawn |
|---|---|---|
| Massachusetts Department of Revenue, Bankruptcy Unit PO Box 7090 Boston, MA 02204-7090 | Claim No. 87 Case No. 24-22549 | *Withdrawal of Notice by Commissioner of Massachusetts Department of Revenue Proof of Claim* [D.I. 255] |
| Wells Fargo Bank, N.A. 800 Walnut St., F0006-051 Des Moines, IA 50309 | Claim No. 4 Case No. 24-22549 | *Notice of Withdrawal of Claim Filed by Wells Fargo Bank, N.A.* [D.I. 257] |
| HYG Financial Services, Inc. 800 Walnut St., F0006-051 Des Moines, IA 50309 | Claim No. 6 Case No. 24-22549 | *Notice of Withdrawal of Claim Filed by HYG Financial Services, Inc.* [D.I. 201] |
| Ohio Bureau of Workers Compensation PO Box 15567 Columbus, OH 43215-0567 | Claim No. 84 Case No. 24-22549 | *Notice of Withdrawal of Claim #84* [D.I. 281] |
| John Hess 1287 Cloudstone Ct. Grove City, OH, 43123 | Claim No. 19 Case No. 24-22549 | *Notice of Withdrawal of Claim* [D.I. 282] |